# MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY

| **United States District Court** | District Southern District of New York |
|---|---|
| Name (under which you were convicted): Mustafa Kamel Mustafa | Docket or Case No.: 04 Cr. 356 |
| Place of Confinement: ADX Florence | Prisoner No.: 67495-054 |
| UNITED STATES OF AMERICA  v. | Movant (include name under which you were convicted) Mustafa Kamel Mustafa |

## MOTION

1. (a) Name and location of court that entered the judgment of conviction you are challenging:
   United States District Court
   Southern District of New York
   500 Pearl Street
   New York, NY 10007

   (b) Criminal docket or case number (if you know): 04 Cr. 356

2. (a) Date of the judgment of conviction (if you know): 5/19/2014

   (b) Date of sentencing: 1/9/2015

3. Length of sentence: Life imprisonment

4. Nature of crime (all counts):
   18 USC 1203 (Counts 1 and 2);
   18 USC 371 (Counts 3 and 11);
   18 USC 2339A (Counts 4, 7, and 8);
   18 USC 2339B (Counts 5, 6, 9, and 10)

5. (a) What was your plea? (Check one)
   (1) Not guilty ☑   (2) Guilty ☐   (3) Nolo contendere (no contest) ☐

   (b) If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, what did you plead guilty to and what did you plead not guilty to?

6. If you went to trial, what kind of trial did you have? (Check one)   Jury ☑   Judge only ☐

7. Did you testify at a pretrial hearing, trial, or post-trial hearing?   Yes ✔   No ❏

8. Did you appeal from the judgment of conviction?   Yes ✔   No ❏

9. If you did appeal, answer the following:

   (a) Name of court: Second Circuit Court of Appeals

   (b) Docket or case number (if you know): 15-211 (2d Cir.)

   (c) Result: Convictions on Counts 7 and 8 reversed; all other counts affirmed.

   (d) Date of result (if you know): 10/23/2018

   (e) Citation to the case (if you know): 753 Fed.Appx. 22

   (f) Grounds raised:

   1. Insufficiency of evidence re Counts 3-11;
   2. Abuse of discretion re admission certain aspects of testimony of Gov't witness Evan Kohlmann;
   3. Abuse of discretion re admission of prejudicial evidence;
   4. Abuse of discretion re scope of direct and cross examination of Defendant;
   5. Ambiguous jury instruction re definition of conscious avoidance;
   6. Variance in proof re Counts 3-6;
   7. Abuse of discretion at sentencing re court's refusal to recommend to the BOP that Defendant be designated to a facility other than ADX Florence;
   8. Comulative effect of errors. [Additional points were also raised in a Classified Brief on Appeal.]

   (g) Did you file a petition for certiorari in the United States Supreme Court?   Yes ✔   No ❏

       If "Yes," answer the following:

       (1) Docket or case number (if you know): 19-5345

       (2) Result:
       Cert. denied

       (3) Date of result (if you know): 10/7/2019

       (4) Citation to the case (if you know): 140 S.Ct. 274

       (5) Grounds raised:

       Whether Section 5(a) of the Classified Information Procedures Act, 18 U.S.C. App. 3, is unconstitutionally vague or overbroad due to its potential to permit District Courts to prohibit what would otherwise be viewed as a common defense investigation if the case did not involve classified information?

10. Other than the direct appeals listed above, have you previously filed any other motions, petitions, or applications concerning this judgment of conviction in any court?

    Yes ✔   No ❏

11. If your answer to Question 10 was "Yes," give the following information:

    (a) (1) Name of court: Southern District of New York

        (2) Docket or case number (if you know): 04 Cr. 356

        (3) Date of filing (if you know): 4/29/2019

(4) Nature of the proceeding:  Pro Se Rule 33 motion

(5) Grounds raised:
  1. Effect of Count 7 & 8 Reversal
  2. Psychological pre-trial impairment
  3. Misuse of Gov't expert finding
  4. Conceding documents
  5. Public interest
  6. Gov't witness lies protected

(6) Did you receive a hearing where evidence was given on your motion, petition, or application?    Yes ❑   No ✔

(7) Result:  Denied.

(8) Date of result (if you know):  7/12/2019

(b) If you filed any second motion, petition, or application, give the same information:

  (1) Name of court:  Southern District of New York

  (2) Docket or case number (if you know):  04 Cr. 356

  (3) Date of filing (if you know):  7/29/2019

  (4) Nature of the proceeding:  Motion for reconsideration of denial of Rule 33 motion

  (5) Grounds raised:
   Rule 33 motion erroneously denied.

  (6) Did you receive a hearing where evidence was given on your motion, petition, or application?    Yes ❑   No ✔

  (7) Result:  Denied.

  (8) Date of result (if you know):  8/2/2019

(c) Did you appeal to a federal appellate court having jurisdiction over the action taken on your motion, petition, or application?

  (1)  First petition:      Yes ✔   No ❑
  (2)  Second petition:    Yes ✔   No ❑

(d) If you did not appeal from the action on any motion, petition, or application, explain briefly why you did not:

12. For this motion, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the <u>facts</u> supporting each ground.

**GROUND ONE:**
Ineffective assistance of trial counsel

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Trial counsel provided ineffective assistance due to counsels' failure to raise certain objections, failure to ask certain questions during cross-examination of the Government's witnesses, failure to ask certain questions during the direct examination of Defendant, and due to certain concessions made during closing arguments. Trial counsel also failed to effectively explain to the District Court the impact Defendant's pretrial conditions of confinement had on his ability to knowingly, voluntarily, and intelligently participate in the proceedings, including the impact such conditions had on his ability to competently and coherently testify on his own behalf. Additionally, trial counsel failed to call certain defense witnesses notwithstanding Defendant's insistence that those witness supported his defense of actual innocence, failed to procure evidence not available in discovery but known to exist at the time, and failed to utilize evidence that was in discovery that would have supported the defense of actual innocence.

(b) **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ❏   No ☑

(2) If you did not raise this issue in your direct appeal, explain why:

Ineffective assistance of counsel claims are disfavored by the 2d Cir. on direct appeal because they require the addition of new evidence not previously before the District Court. Raising the claims first pursuant to 28 U.S.C. 2255, is the method preferred by the 2d Cir.

(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ❏   No ☑

(2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion, petition, or application?

    Yes ❑    No ❑

(4) Did you appeal from the denial of your motion, petition, or application?

    Yes ❑    No ❑

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

    Yes ❑    No ❑

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

**GROUND TWO**:
Ineffective assistance of appellate counsel

(a) Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):

Appellate counsel provided ineffective assistance due to counsels' failure to raise certain arguments on appeal in the manner that Defendant had requested.

(b) **Direct Appeal of Ground Two:**

    (1) If you appealed from the judgment of conviction, did you raise this issue?

        Yes ❑   No ☑

    (2) If you did not raise this issue in your direct appeal, explain why:

    Ineffective assistance of appellate counsel claims cannot be raised on direct appeal.

(c) **Post-Conviction Proceedings:**

    (1) Did you raise this issue in any post-conviction motion, petition, or application?

        Yes ❑   No ☑

    (2) If your answer to Question (c)(1) is "Yes," state:

    Type of motion or petition:

    Name and location of the court where the motion or petition was filed:

    Docket or case number (if you know):

    Date of the court's decision:

    Result (attach a copy of the court's opinion or order, if available):

    (3) Did you receive a hearing on your motion, petition, or application?

        Yes ❑   No ❑

    (4) Did you appeal from the denial of your motion, petition, or application?

        Yes ❑   No ❑

    (5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

        Yes ❑   No ❑

    (6) If your answer to Question (c)(4) is "Yes," state:

    Name and location of the court where the appeal was filed:

    Docket or case number (if you know):

    Date of the court's decision:

    Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

**GROUND THREE:**

Newly discovered evidence - Claim #1

(a) Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):

Information has been released into the public domain that undermines the conclusions of the Government's expert witness, Evan Kohlmann, and supports Defendant's actual innocence.

(b) **Direct Appeal of Ground Three:**

    (1) If you appealed from the judgment of conviction, did you raise this issue?

        Yes ❑   No ✔

    (2) If you did not raise this issue in your direct appeal, explain why:

Newly discovered evidence may not be raised on direct appeal.

(c) **Post-Conviction Proceedings:**

    (1) Did you raise this issue in any post-conviction motion, petition, or application?

        Yes ❑   No ✔

    (2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion, petition, or application?

    Yes ❏    No ❏

(4) Did you appeal from the denial of your motion, petition, or application?

    Yes ❏    No ❏

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

    Yes ❏    No ❏

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

**GROUND FOUR**:
Newly discovered evidence - Claim #2

(a) Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):

Two prosecution witnesses have informed Defendant's appellate counsel that they recant certain portions of their testimony, now both supporting Defendant's actual innocence.

(b) **Direct Appeal of Ground Four:**

    (1) If you appealed from the judgment of conviction, did you raise this issue?

        Yes ❏ No ☑

    (2) If you did not raise this issue in your direct appeal, explain why:

    Newly discovered evidence may not be raised on direct appeal.

(c) **Post-Conviction Proceedings:**

    (1) Did you raise this issue in any post-conviction motion, petition, or application?

        Yes ❏ No ☑

    (2) If your answer to Question (c)(1) is "Yes," state:

    Type of motion or petition:

    Name and location of the court where the motion or petition was filed:

    Docket or case number (if you know):

    Date of the court's decision:

    Result (attach a copy of the court's opinion or order, if available):

    (3) Did you receive a hearing on your motion, petition, or application?

        Yes ❏ No ❏

    (4) Did you appeal from the denial of your motion, petition, or application?

        Yes ❏ No ❏

    (5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

        Yes ❏ No ❏

    (6) If your answer to Question (c)(4) is "Yes," state:

    Name and location of the court where the appeal was filed:

    Docket or case number (if you know):

    Date of the court's decision:

    Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

GROUND FIVE:
Prosecutorial Misconduct.  See Addendum, attached hereto.

13. Is there any ground in this motion that you have <u>not</u> previously presented in some federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them:

Defendant has not previously raised Grounds 1 and 2 because a 28 U.S.C. 2255 petition is the forum for raising claims of ineffective assistance of counsel in the first instance.  Defendant has not previously raised Ground 4 because the information had not been discovered within the time limitations of Fed.R.Crim.P. 33.

Some of the information contained in Ground 3 was raised in Defendant's Pro Se Rule 33 motion, which was denied on procedural grounds not applicable to the present application.

14. Do you have any motion, petition, or appeal <u>now pending</u> (filed and not decided yet) in any court for the judgment you are challenging?     Yes ✔  No ❑

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised.

Second Circuit Court of Appeals, Docket No. 19-2520.  This is the direct appeal of the denial of Defendant's pro se Rule 33 motion (and denial of reconsideration thereof).  A pro se Notice of Appeal was timely filed on August 14, 2019.  A January 15, 2021 deadline has been set by the Second Circuit for the filing of Defendant-Appellant's Opening Brief on Appeal.

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At preliminary hearing:

Sabrina P. Shroff (then Assistant Federal Defender), 233 Broadway, New York, NY 10007

(b) At arraignment and plea:

Jeremy Schneider, 100 Lafayette Street, Suite 501, New York, NY 10013

(c) At trial:

Jeremy Schneider (same address as above), and Josh Dratel and Lindsay Lewis, 2 Wall St., 3 Fl., New York, NY 10006

(d) At sentencing:

Sam A. Schmidt, 115 Broadway, Suite 1704, New York, NY 10006
Michael K. Bachrach, 224 West 30th St., Suite 302, New York, NY 10001
Lindsay A. Lewis (same address as above)

(e) On appeal:
Sam A. Schmidt and Michael K. Bachrach (same addresses as above) - Direct appeal

(f) In any post-conviction proceeding:
N/a, Rule 33 motion filed pro se

(g) On appeal from any ruling against you in a post-conviction proceeding:
Michael K. Bachrach (same address as above) - Rule 33 appeal.

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?    Yes ☑ No ❑

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?    Yes ❑ No ☑

  (a)  If so, give name and location of court that imposed the other sentence you will serve in the future:

  (b) Give the date the other sentence was imposed:
  (c) Give the length of the other sentence:
  (d) Have you filed, or do you plan to file, any motion, petition, or application that challenges the judgment or sentence to be served in the future?    Yes ❑   No ❑

18. TIMELINESS OF MOTION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2255 does not bar your motion.*

  N/a.  Defendant's conviction only became final on October 7, 2019.

---

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2255, paragraph 6, provides in part that:

> A one-year period of limitation shall apply to a motion under this section.  The limitation period shall run from the latest of —
>> (1) the date on which the judgment of conviction became final;
>> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making such a motion by such governmental action;
>> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Therefore, movant asks that the Court grant the following relief:

Vacate conviction and sentence and order new trial and/or sentencing

or any other relief to which movant may be entitled.

_____

Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Motion under 28 U.S.C. § 2255 was placed in the prison mailing system on _____ (month, date, year).

Executed (signed) on __9-15-2020__ (date).

_____

Signature of Movant

If the person signing is not movant, state relationship to movant and explain why movant is not signing this motion.

<u>Mustafa Kamel Mustafa v. United States</u>

**Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence
By A Person In Federal Custody**

<u>Addendum</u>

**GROUND FIVE:**

Prosecutorial misconduct.

    **(a) Supporting facts** (Do not argue or cite law. Just state the specific facts that support your claim)**:**

<u>See</u> Petitioner's <u>pro se</u> Supplemental Brief on Appeal, filed, October 13, 2017, <u>United States v. Mostafa</u>, 15-211 (2d Cir.) (Doc. No. 81-2); <u>see also</u> Petitioner's <u>pro se</u> Rule 33 Motion, filed, April 29, 2019, <u>United States v. Mostafa</u>, 04 Cr. 356 (AT) (SDNY) (Doc. No 549) (and related documents, Doc. Nos. 557, 558, 559, 560).

    **(b) Direct Appeal on Ground Five:**

        (1) If you appeared from the judgment of conviction, did you raise this issue?

        Yes, in part.

        (2) If you did not raise this issue in your direct appeal, explain why:

        To the extent it was not raised, that was because a portion of the claim is based on newly discovered evidence.

    **(c) Post-Conviction Proceedings:**

        (1) Did you raise this issue in any post-conviction motion, petition, or application?

        Yes, in part.

        (2) If you answer to Question (c)(1) is "Yes," state:

        Type of motion or petition: Rule 33 motion

        Name and location of the court where the motion or petitioner was filed:

        Southern District of New York

        Docket or case number (if you know): 04 Cr. 356 (AT) (SDNY)

    Date of the court's decision: July 12, 2019 (reconsideration denied, August 2, 2019)

    Result: Denied.  <u>See</u> <u>United States v. Mostafa</u>, 04 Cr. 356 (AT) (SDNY) (Doc. Nos. 556, 561).

(3) Did you receive a hearing on your motion, petition, or application?

    No.

(4) Did you appeal from the denial of your motion, petition, or application?

    Yes.

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

    N/a, Opening Brief on Appeal of Rule 33 motion not yet filed.  Brief due: January 15, 2021.

(6) If your answer to Question (c)(4) is "Yes," state:

    Name and location of the court where appeal was filed:

    Not yet filed, but brief due in Second Circuit Court of Appeals.

    Docket or case number: 19-2520 (2d Cir.)

    Date of the court's decision: N/a

    Result: N/a

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

    No decision has been made yet regarding whether this issue will be included as part of the Rule 33 appeal.